# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| BYRON J. CARTER, | ) |
| Movant, | ) |
| v. | ) No. 1:06-CV-40 CAS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on federal prisoner Byron J. Carter's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government filed a response to the motion. The Court will deny the motion for the reasons set forth below.

**I. Background.**

Carter pled guilty to possessing cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). The Court sentenced Carter to 120 months incarceration to be followed by eight years supervised release. Carter did not file a direct appeal.

Carter timely filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, Carter asserts seven grounds for relief based on ineffective assistance of counsel. Carter contends that counsel was ineffective in failing to: (1) reduce his sentence after pleading guilty; (2) advise him adequately and give him notice of his minimum sentence; (3) allow the judge to sentencing him to less time; (4) ensure the prosecutor would dismiss his state probation case; (5) properly inform him that his prior conviction enhanced his sentence; (6) advise him regarding the Presentence Investigation Report ("PSR"); and (7) obtain a reduced sentence in exchange for a

proffer with the government. The government responds that counsel's representation was not constitutionally infirm.

As an initial matter, Carter waived most of his post-conviction rights including those on appeal, habeas corpus, and pursuant to 28 U.S.C. § 2255. Carter agreed to waive all post-conviction claims except for those related to prosecutorial misconduct or ineffective assistance of counsel at sentencing. Where a petitioner makes a knowing and voluntary waiver of his right to bring a § 2255 action as part of his plea agreement, he waives ineffective-assistance arguments with respect to sentencing. Allen v. United States, No. 01-2670, 2002 WL 857567, at *1 (8th Cir. May 7, 2002). The Court suspects Carter has couched an attack on his sentence by claiming his counsel was ineffective. The plea agreement states that "neither defense counsel nor the government have made representations which are not included in this document as to the sentence to be imposed." (Plea Agreement at 4). To the extent Carter's arguments are for ineffective assistance, the Court will address each on the merits.

**II. Discussion.**

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962).

A § 2255 motion " 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than

statements of fact." ' Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

Ineffective assistance of counsel claims are governed by the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the Strickland analysis, the petitioner must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. Id. "To prevail on a claim of ineffective assistance of counsel where there has been a guilty plea, petitioner must show that counsel's representation fell below an objective standard of reasonableness, and that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Gumangan v. United States, 254 F.3d 701, 705 (8th Cir. 2001). It is a heavy burden to establish ineffective assistance of counsel pursuant to § 2255. DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (citing United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

**A. 120 Month Sentence.**

Carter first asserts that his conviction was illegally obtained because counsel advised him that his sentence would be reduced after pleading guilty. Carter specifically states that his attorney told him that his actual sentence would be lower than 120 months. Although Carter's argument is not worded in terms of ineffective assistance, the Court construes it as an ineffective assistance claim.

The plea agreement called for a mandatory minimum sentence of 120 months. (Plea Agreement at 10). The 120-month sentence Carter received was due to the application of a statutory requirement, 21 U.S.C. § 841(b)(1)(B). No matter what his attorney represented, Carter would have faced this sentence upon conviction. Carter did not identify any grounds for departing from his sentence that the government had not already considered.

Further, Carter claims that his attorney misrepresented or omitted details concerning the length of his sentence. As a matter of law, a defendant's reliance on an attorney's mistaken impression about the length of a sentence is insufficient to render his plea involuntary. United States v. Love, No. 05-2443, 2006 WL 1008679, at *1 (8th Cir. Apr. 19, 2006). It is necessary that the Court notify the defendant of the minimum and maximum possible sentence, which was done in this case. Id. This Court stated at Carter's change of plea hearing that "the range of punishment for this offense is a term of imprisonment of not more than life, [and] a minimum term of at least ten years." (Change of Plea Tr. at 3). The plea agreement also indicates that Carter knew his range of punishment. (Plea Agreement at 10).

These statements support a finding that Carter was fully informed of his sentence of 120 months at the time of his guilty plea, that his plea was made knowingly, and that he was not misled regarding the length of his potential sentence. Based on these facts, the Court concludes Carter does not overcome the burden established by Strickland to prove that counsel's representation fell below an objective standard of reasonableness, and that but for counsel's errors, he would not have pled guilty. Gumangan, 254 F.3d at 705. Therefore, his claim fails.

**B. Notice of Sentence.**

Carter's second ground for relief is that his attorney was ineffective for not spending sufficient time counseling him and not informing him of his minimum sentence before the plea date. Carter states only that "I did not find out that I was taking 120 months until the day of my plea agreement. (Motion at 2). Without more, the Court cannot conclude Carter had insufficient time to consult with counsel. Cf. Kennedy v. United States, 259 F.2d 883 (5th Cir. 1959), cert. den. 359 U.S. 994 (holding representation sufficient where counsel conferred with defendant for approximately 20 minutes before entering a plea of guilty to a kidnaping count). The Fifth Circuit in Kennedy said:

4

"We think appellant has fully acquiesced in the action taken by his original counsel in entering the plea before more complete discussion of the matters involved." Id. at 885. Further, since Carter cannot prove either prong of the Strickland test, his argument fails.

**C. Lower Sentence.**

Carter next argues counsel was ineffective for not allowing the judge to sentence him to less than 120 months when he believed the judge was leaning toward doing so at sentencing. In order to prevail on a claim of ineffective assistance, Carter must show that "counsel's representation fell below an objective standard of reasonableness, and that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Gumangan, 254 F.3d at 705. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. To overcome this presumption, Carter must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. Other than his bare assertion, Carter makes no showing that his counsel's performance was deficient, so his argument fails.

**D. State Probation Case.**

Carter next argues counsel was ineffective for breaking a promise to him that the prosecutor would dismiss his state probation case. Carter claims that his attorney made misrepresentations concerning a side arrangement that the federal prosecutor would dismiss his state probation case. The Court notes, however, that contention is refuted by the absence of any such representation in the plea agreement or plea colloquy.

Furthermore, this Court imposed its sentence to be served concurrently with the undischarged state sentence. (Sentencing Tr. at 8). Therefore, Carter cannot show any harm or prejudice for this

5

alleged error since any state time he serves after the date of sentencing will count toward his longer federal sentence. Therefore, Carter's argument fails.

### E. Enhancements.

Carter also contends counsel was ineffective for not properly informing him that his prior conviction *had been* filed and his sentence *was* enhanced to the 120-month statutory minimum. Carter claims that his attorney did not tell him his sentence would be enhanced because of his prior conviction. This assertion is contradicted by the plea agreement.

In the Stipulation of Facts portion of the plea, Carter agreed that he had two felony convictions for controlled substance offenses. (Plea Agreement at 9). In the penalty section of the signed document, as previously mentioned, Carter agreed that he was subject to a mandatory minimum term of imprisonment of ten years. Id. at 10.

Further, the Notice of Enhancement was filed two days prior to Carter's waiver of his right to file pretrial motions. Carter still waived his right to file pretrial motions, in spite of that notice. Therefore, his argument fails.

### F. Presentence Investigation Report.

Carter's sixth ground for relief is that counsel was ineffective for not advising him regarding the PSR. Carter's only complaint about the PSR itself is that it did not recommend the enhancement or full 120-month sentence.

The PSR set Carter's criminal history at category III, because he had six criminal history points. Carter's sentencing guideline range was 57 to 71 months. However, because he had a prior conviction for a controlled substance offense, his minimum range of punishment was 120 months, pursuant to 21 U.S.C. § 841(b)(1)(B). Neither party objected to the PSR during Carter's sentencing hearing. This Court concludes Carter has not demonstrated that counsel's representation fell below

an objective standard of reasonableness, and that but for counsel's errors, he would not have pled guilty. Gumangan, 254 F.3d at 705. Since Carter has not overcome the burden set by Strickland, his argument fails.

**G. Proffer.**

Carter finally argues counsel was ineffective because his sentence was not reduced in exchange for a proffer with the government. There was no mention in the plea agreement of a reduced sentence in exchange for cooperation. In fact, the plea agreement says, "The defendant has not offered to assist the government in its ongoing investigation and the government has not requested his assistance." (Plea Agreement at 6). The government did not offer any agreement to Carter for his cooperation. Carter presumably knew that at the time of his guilty plea. Nothing changed between then and his sentencing date.

Also, Carter has no right to a proffer or cooperation agreement. It is true that where a defendant has provided substantial and valuable assistance to the government, but where the government refuses in bad faith to make a motion for a downward departure, the Court may depart downward without a government motion. United States v. Kelley, 956 F.2d 748, 752-755 (8th Cir. 1992). In this case, Carter did not provide any assistance. There is no indication that Carter has been taken advantage of. The government did not acquire information from Carter, use it, and then refuse to grant him a deserved benefit. There was simply no cooperation, or any attempt to gather information from Carter.

**III. Conclusion**

For all of the above reasons, Carter's § 2255 motion will be denied.

Accordingly,

It is **HEREBY ORDERED** that movant Byron J. Carter's motion to vacate, set aside or correct his sentence is **DENIED**. (Doc. 1)

**IT IS FURTHER ORDERED** that a certificate of appealability shall not be issued in this case as the Court concludes that Byron J. Carter has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), or demonstrated that "reasonable jurists could debate whether (or, for that matter, agree that the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 222, 336 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 20th day of June, 2006.